# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KARL BROOKINS,

       Appellant,

      v.

DEPARTMENT OF THE INTERIOR,

      Agency.

DOCKET NUMBER
DE-3443-18-0140-I-1

DATE: January 18, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karl Brookins, Honolulu, Hawaii, pro se.

Deborah E. Yim, Esquire, Lakewood, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his placement on a performance improvement plan (PIP) for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a Fish Biologist with the National Park Service, Department of the Interior (the agency).[2] Initial Appeal File (IAF), Tab 1 at 1. On January 11, 2018, the agency informed him via memorandum that he was being placed on a PIP.[3] *Id.* at 8-11. The PIP memorandum identified two Critical Elements which the appellant was performing unsatisfactorily: "Effective Organization" and "Works Well with Others."[4] *Id.* at 8-9. For each Critical

---

[2] The appellant has submitted a request to preserve computer files. Petition for Review (PFR) File, Tab 4 at 4. Because he has not alleged or shown that the computer files contain information relevant to the jurisdictional issue in this case, we deny his Request for Order to Preserve Computer Files. *See* 5 C.F.R. § 1201.72(a).

[3] The memorandum here called it a "Performance Improvement Period," but for purposes of our analysis and the effect on the appellant, it was equivalent to a PIP. IAF, Tab 1 at 8. Similarly, the appellant objected to the characterization of his matter as a PIP, but as the administrative judge correctly found, it is in fact a PIP and the appellant has not identified any substantive distinction between a PIP and the language used by the agency. IAF, Tab 4 at 3; Tab 9, Initial Decision (ID) at 3.

[4] The agency also denied the appellant's within-grade increase (WIGI). The appellant appealed both the denial of his WIGI and his subsequent performance-based removal. *Brookins v. Department of the Interior*, MSPB Docket Nos. DE-531D-18-0028-I-1,

Element, the PIP further identified three subcomponents which must be performed in order to be minimally successful. *Id.* For Critical Element 1, "Effective Organization," the appellant was informed that he had failed to complete subcomponent 2, which required him to "develop and submit at least one panel reviewed proposal for funding from outside of WRD [Water Resources Division] for projects providing additional services to parks." *Id.* at 9-10. For Critical Element 2, "Works Well with Others," the appellant was informed that he had failed to complete subcomponent 3, which required him to develop "at least one approved interagency program initiative that supports goals of the NPS [National Park Service], NRSS [Natural Resource Stewardship and Science Directorate], and WRD." *Id.* For each of these shortcomings, he was informed of what he needed to do to raise his performance to the minimally successful standard. *Id.* at 10-11.

¶3      On January 29, 2018, the appellant filed an appeal with the Board. *Id.* at 1-5. He alleged that, by issuing the PIP, the agency committed prohibited personnel practices (PPPs) outlined in 5 U.S.C. § 2302 because the PIP "a) significantly increased [his] duties, responsibilities or working conditions; b) concerns education or training expected to lead to performance evaluation; c) concerns pay and benefits; and d) likely qualifies as a corrective action." *Id.* at 5. Furthermore, he alleged that the PIP violated 5 U.S.C. §§ 4302, 4303, 4304, 4305, and 5 U.S.C. § 2301(c), along with 5 C.F.R. §§ 430 and 432 and the agency's policies and guidance pertaining to performance appraisal systems. *Id.* Finally, the appellant alleged the PIP, in violation of the aforementioned laws and regulations, implements or directly concerns merit systems principles set forth in 5 U.S.C. § 2301(b)(2), (4), (5), and (6). *Id.*

---

DE-0432-18-0359-I-1. The Board issued a decision in MSPB Docket No. DE-531D-18-0028-I-1 on January 10, 2023. The appellant's petition for review in MSPB Docket No. DE-0432-18-0359-I-1 is pending and will be resolved in a separate decision.

¶4    In response to an Acknowledgment Order, the appellant included more arguments on jurisdiction.  IAF, Tab 5 at 3.  In addition to reiterating his arguments from the initial appeal, he added that the PIP imposes two work assignments and weekly reporting requirements above and beyond his position responsibilities.  *Id.*  He also argued that he is a Federal employee in the competitive service who has completed the required probationary period, thus satisfying jurisdictional requirements for the Board.  *Id.*  Citing the Board's website, he argued that the Board has appellate jurisdiction when an employee alleges a PPP other than discrimination, and that the Board has original jurisdiction to review the implementation of Office of Personnel Management (OPM) regulations by the agency.[5]  *Id.*  As outlined in the agency's collective bargaining agreement (CBA), he argued that an employee may raise a PPP or violations of regulations implementing or directly concerning merit system principles under a "statutory procedure."  *Id.*  Finally, he cited 5 U.S.C. § 7121 for numerous arguments of jurisdiction; he argued that under section 7121(g), an employee may elect an appeal of a PPP to the Board; he also argued that under section 7121(e), an employee covered under 5 U.S.C. § 4303 may raise matters before the Board; and under section 7121(a), he argued that he can elect an appeal to the Board based on PPPs as part of a CBA.  *Id.* at 4.

¶5    On March 7, 2018, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 9, Initial Decision (ID), at 1.  The administrative judge noted that generally the Board lacks jurisdiction over PIPs when they are not associated with a loss of grade or pay.  ID at 3.  He further noted that the appellant had not alleged any of the four exceptions to this general rule.  *Id.*  Moreover, the administrative judge correctly recognized that, despite the appellant's allegations that the agency committed PPPs, such

---

[5] The appellant's claim of Board jurisdiction to review an agency's implementation of an OPM regulation has been docketed in a separate matter.  His regulation review claim is docketed at MSPB Docket No. CB-1205-18-0021-U-1.

violations are not independent sources of Board jurisdiction. ID at 4. Finally, the administrative judge addressed the appellant's references to various statutes and regulations, finding that either they only apply to an employee who has been removed or reduced in grade, which had not happened to the appellant, or that they did not confer Board jurisdiction independently. *Id.* As such, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction and dismissed the appeal without a hearing. ID at 4-5.

¶6    The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. In addition to raising several of the arguments made before the administrative judge, the appellant articulates several additional arguments on review. In this regard, he argues that the administrative judge incorrectly adopted the agency's use of the term "critical element" when discussing work assignments of such importance that unacceptable performance on any one would result in a determination that the employee's overall performance is unacceptable. PFR File, Tab 1 at 6-7. By misusing the term, he argues that the agency imposed six critical elements, as defined by 5 C.F.R. § 430.203, in violation of the agency's OPM-approved performance appraisal policies, which specify that no more than five critical elements can apply to an employee's performance standards. *Id.* This argument, albeit worded differently, is substantively the same as his argument raised below that the PIP imposed more work assignments of critical importance than allowed. IAF, Tab 5 at 3. He further argues that several of the restrictions and effects of the PIP were improper, such as that he was not given an opportunity to demonstrate acceptable performance and not provided a mandated offer of assistance to improve his unacceptable performance. PFR File, Tab 1 at 10. He also argues that the PIP should operate the same as a reduction in grade or removal, as it is an activity "directly linked" to the reduction in grade and removal of employees. *Id.* at 9-10. Finally, he argues that the administrative judge failed to discredit some of his jurisdictional arguments. *Id.* at 8-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). Although the appellant may be an employee under 5 U.S.C. § 7511, he was not subjected, for the purpose of this appeal, to any of the specific personnel actions covered by that chapter and thus it cannot form the basis of Board jurisdiction, regardless of whether he has completed any probationary period. *See* 5 U.S.C. § 7512. The Board generally lacks jurisdiction over appeals from performance appraisal ratings and placements on PIPs. *Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010); *Shaishaa v. Department of the Army*, 58 M.S.P.R. 450, 454 (1992). Therefore, the appellant's placement on a PIP cannot alone be the grounds for Board jurisdiction and is not an otherwise appealable action.

¶8        The administrative judge addressed several of the appellant's arguments below, including his reliance on chapter 43 statutes, regulations at 5 C.F.R. §§ 430 and 432, his argument that the agency committed PPPs, and that the alleged violations the appellant cited implemented merit system principles. ID at 2-4. We find no error to disrupt or further address those findings. However, the appellant raised other arguments below that were not addressed by the administrative judge. Because we find these arguments unpersuasive, the administrative judge's failure to address them was harmless error. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 31 (2007).

¶9        The appellant contended below, and rearticulated on review, that the agency improperly imposed six critical elements on his performance evaluation, which is contrary to agency guidance allotting for a maximum of five critical elements. IAF, Tab 5 at 3; PFR File, Tab 1 at 6-7. However, the appellant conflates the critical elements placed on his performance evaluation with the subelements of each critical element. In actuality, the two critical elements which the appellant failed each have three subelements required to minimally satisfy the critical

element: the three subelements of the two failed critical elements combined led the appellant to incorrectly argue that he was subjected to six critical elements. *See* IAF, Tab 1 at 8-9. The Board has long held that a critical element may include subelements and that the incumbent of a position for which a compound standard has been established may be required to perform acceptably with respect to each of those subelements. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 31 (2010) (finding that the measures, metrics, and focus areas listed under various critical elements are not distinct critical elements themselves, but rather, are subelements of a single responsibility). The appellant further challenges numerous requirements and the effects of his placement on the PIP, both in the work requirements it imposed on him and the manner in which the agency implemented it, and claims that the PIP was "imposed as a corrective action." IAF, Tab 5 at 3; PFR File, Tab 1 at 6-8, 10. However, none of these arguments regarding the PIP and its effects gives the Board jurisdiction over the matter. *See Shaishaa*, 58 M.S.P.R. at 454 (finding an appellant's placement on a PIP alone is not appealable to the Board). In the absence of an otherwise appealable action, the appellant has not shown that the Board has jurisdiction to address the requirements the agency imposed on him as part of the PIP.

¶10     The appellant made several arguments below in connection with his and the agency's CBA. IAF, Tab 5 at 3-10. Even if the applicable CBA stated that the appellant could appeal certain matters to the Board, an agency and a CBA cannot confer jurisdiction on the Board in that manner absent a statutory right to do so. *See Morales v. Social Security Administration*, 108 M.S.P.R. 583, ¶ 5 (2008) (finding that the mere fact that an agency informed an appellant that she may have a right of appeal to the Board does not confer jurisdiction on the Board). His reliance on 5 U.S.C. § 7121(a), (e), and (g) is similarly misplaced, and does not provide Board jurisdiction over the appeal. Section 7121(a) does nothing more than state that the CBA is the exclusive procedure for settling grievances, save for three exceptions, and in no way provides the Board with jurisdiction over

this appeal. 5 U.S.C. § 7121(a). Likewise, section 7121(e) is not itself a source of Board jurisdiction; it governs the election of remedies for agency actions that are both appealable under 5 U.S.C. chapter 43 or chapter 75 (or similar provisions) and covered under a negotiated grievance procedure. Finally, section 7121(g) does not confer Board jurisdiction here when, despite the appellant's allegation of a PPP, the underlying personnel action is not an otherwise appealable action. *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 15 (2016).

¶11     The appellant also raises jurisdictional arguments on review that he did not raise below. His arguments that in implementing the PIP the agency did not provide him with an opportunity to demonstrate acceptable performance or a mandated offer of assistance to improve are both challenges to the PIP and its effects and cannot establish Board jurisdiction alone. *Shaishaa*, 58 M.S.P.R. at 454. Finally, the appellant's argument that PIPs should be treated the same as reductions in grade or removals because they are directly linked to those personnel actions is incorrect. While PIPs may ultimately lead to a reduction in grade or removal, without that actually happening, the Board does not have jurisdiction over the matter. *Bambl*, 113 M.S.P.R. 55, ¶ 9.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                         /s/ for

                                                                Jennifer Everling
                                                                Acting Clerk of the Board
Washington, D.C.